# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KRISTINA ZEMAITIENE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation, d/b/a DESERET INDUSTRIES; and MELANIE PERRY, an individual,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER ON DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION**<br><br>Case No. 2:16-cv-1271-RJS<br><br>Judge Robert J. Shelby |

　　　　Plaintiff Kristina Zemaitiene sued her former employer for claimed violations of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. Zemaitiene also sued her former supervisor for intentional infliction of emotional distress. Defendants Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints, d/b/a Deseret Industries, and Melanie Perry moved to dismiss some of Zemaitiene's claims.[1]

　　　　The case was referred to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. § 636(b)(1)(B).[2] After considering Defendants' Motion to Dismiss, Judge Furse issued a Report and Recommendation,[3] recommending the court: (1) dismiss Zemaitiene's failure to accommodate disability claim, with leave to plead additional facts concerning exhaustion of administrative remedies; (2) dismiss Zemaitiene's harassment claim; and (3) deny Defendants'

---

[1] Dkt. 15.

[2] Dkt. 4.

[3] Dkt. 24.

1

Motion to Dismiss as to Zemaitiene's intentional infliction of emotional distress claim.[4] Defendants timely objected to the third recommendation.[5] Zemaitiene did not object to any part of the Report and Recommendation.

The court reviews the portion of the Report and Recommendation to which Defendants object under a de novo standard.[6] The court applies a "clearly erroneous" standard to portions with no objection and will adopt Judge Furse's recommendation unless, after reviewing all the evidence, it is left "with the definite and firm conviction that a mistake has been committed."[7]

## DISCUSSION

### I. Failure to Accommodate Claim

Zemaitiene alleges Deseret Industries violated the ADA by denying her reasonable accommodation for her disability. Deseret Industries argues Zemaitiene failed to exhaust administrative remedies for this claim. Judge Furse agreed, recommending the claim be dismissed, but with leave to amend the Complaint.

To bring suit under either the ADA or Title VII, a plaintiff must first exhaust her administrative remedies.[8] To meet the exhaustion requirement, a claimant must file an administrative charge with the EEOC and receive a right to sue letter.[9] While "precise pleading"

---

[4] Dkt. 24.

[5] Dkt. 25. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b) (allowing parties fourteen days to file an objection to a report and recommendation from a magistrate judge).

[6] FED. R. CIV. P. 72(b)(3).

[7] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[8] *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007); *Jones v. Runyon*, 91 F.3d 1398, 1401 (10th Cir. 1996).

[9] *Id.*

is not required to establish exhaustion,[10] the claims asserted in a subsequent lawsuit must fall within the scope of the earlier allegations made in the EEOC charge.[11] A claimant's failure to mark a box in the administrative charge corresponding to the alleged type of discrimination asserted in a later lawsuit creates a presumption that she did not intend to file a charge relating to that claim.[12] The presumption is rebutted where a "reasonable reader" would understand the text of the charge to allege the type of claim in question, or where the claimant supplements her charge to identify, at minimum, "the type of discrimination complained of, the alleged harasser, and an approximate time period."[13]

Here, Zemaitiene filed four charges of discrimination with the EEOC. However, she did not mark the box labeled "disability" in any of the four charges, creating a presumption that she did not commence the administrative process for a disability discrimination claim. Neither can the text of the charges be fairly construed to include a failure to accommodate claim.[14] Zemaitiene maintains that she supplemented her charges to identify a disability discrimination claim, citing as support her Response to Deseret Industries' Position Statement (Response Statement) submitted during the EEOC investigation. In the Response Statement, Zemaitiene wrote that she alleged disability discrimination on her initial questionnaire with the Utah Anti-Discrimination and Labor Division (UALD), and that she "filled out an additional disability questionnaire . . . to substantiate [the] claim."[15] As neither the Response Statement nor the

---

[10] *Mitchell v. City and County of Denver*, 112 Fed. Appx. 662, 667 (10th Cir. 2004).
[11] *United Parcel Serv.*, 502 F.3d at 1186.
[12] *Gunnel v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998).
[13] *Id.*
[14] Dkt. 15-1, Dkt. 15-4, Dkt. 15-5, Dkt. 15-6.
[15] Dkt. 18-4 at 3.

questionnaires are referred to in the Complaint, they cannot be considered on the Motion to Dismiss. However, if those documents were incorporated into her Complaint, Zemaitiene might be able to show exhaustion of this claim.[16]

Based on the record before the court, Judge Furse recommended dismissal of Zemaitiene's failure to accommodate claim with leave to amend the Complaint. Because this analysis is not clearly erroneous, the court adopts the recommendation.

## II. Harassment Claim

Zemaitiene alleges that ongoing harassment by her supervisor, Melanie Perry, created a hostile work environment. Judge Furse recommended the court dismiss this claim for failure to exhaust administrative remedies, or alternatively for failure to state a claim for which relief can be granted.

To constitute exhaustion of a hostile work environment claim, an administrative charge must "allege facts indicating a workplace 'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"[17]

None of Zemaitiene's four administrative charges contain allegations of harassment by Perry sufficiently severe to create an abusive or hostile work environment. In fact, Perry is mentioned only once in the charge descriptions, as the job coach who allegedly transferred

---

[16] *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) ("[N]otwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.") (quotation omitted).

[17] *Mitchell*, 112 Fed. Appx. at 668 (quoting *Davis v. United States Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998)).

Zemaitiene in retaliation for her complaints of harassment by coworkers.[18] Zemaitiene argues that the Response Statement supplemented her charges so as to exhaust this claim. However, as noted above, the Response Statement cannot be considered on the Motion to Dismiss because it is not referenced in the Complaint. Further, the Response Statement does not describe any harassing conduct by Perry beyond the allegedly retaliatory job transfer.

Judge Furse concluded Zemaitiene's harassment claim should be dismissed for failure to exhaust administrative remedies.[19] Because it is not clearly erroneous, the court adopts this recommendation.

### III. Intentional Infliction of Emotional Distress Claim

Zemaitiene also asserts a claim against Perry for intentional infliction of emotional distress. Judge Furse recommended the court deny Defendants' Motion to Dismiss this claim, finding Zemaitiene pled a plausible claim. Because Defendants timely objected to this recommendation, it is reviewed de novo.

To bring an intentional infliction of emotional distress claim, a plaintiff must prove:

> (i) the defendant's conduct complained of was outrageous and intolerable in that it offended generally accepted standards of decency and morality; (ii) the defendant intended to cause, or acted in reckless disregard of the likelihood of causing, emotional distress; (iii) the plaintiff suffered severe emotional distress; and (iv) the defendant's conduct proximately caused the emotional distress.[20]

---

[18] Dkt. 15-1.

[19] Because the court adopts the recommendation that the claim be dismissed for failure to exhaust administrative remedies, it does not reach Judge Furse's alternative grounds for dismissal on the basis of failure to state a claim.

[20] *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 535 (Utah 2002) (brackets and ellipses omitted).

5

"If the trial court determines that a defendant's conduct was not outrageous as a matter of law, then the plaintiff's claim fails, and a court may properly grant the defendant summary judgment . . . ."[21] To support a plausible intentional infliction of emotional distress claim, the alleged conduct must "evoke[] outrage or revulsion; it must be more than unreasonable, unkind, or unfair."[22] "[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" are not enough;[23] the conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized society."[24] Although conduct showing "an ongoing pattern of intimidation and harassment" can be outrageous as a matter of law,[25] "conduct is not outrageous simply because it is tortious, injurious, malicious, or because it would give rise to punitive damages, or because it is illegal."[26]

Here, Zemaitiene maintains that Perry's conduct as alleged in the Complaint is sufficiently outrageous to support her intentional infliction of emotional distress claim. Specifically, Zemaitiene argues:

> In light of Ms. Perry's knowledge of Zemaitiene's disability including her anxiety disorder, it is warranted to consider Ms. Perry's actions [–] arbitrarily mandating a day-off requiring longer days, unnecessary limiting the times Zemaitiene could use the restroom, accusing Zemaitiene of being from a country "full of terrorists,[""] failing to address the complaint about the cleaning spray incident properly, giving Zemaitiene fewer free samples than other employees, reducing Zemaitiene' s hours, scheduling training when Zemaitiene could not attend, cancelling Zemaitiene's

---

[21] *Id.* at 536 (citations omitted).

[22] *Id.*

[23] *Bennett v. Jones, Waldo, Holbrook & McDonough*, 70 P.3d 17, 32 (Utah 2003) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

[24] *Johnston v. Davis Security, Inc.*, 217 F. Supp. 2d 1224, 1232 (D. Utah 2002) (quoting *White v. Blackburn*, 787 P.2d 1315, 1317 (Utah Ct. App. 1990)).

[25] *Cabaness v. Thomas*, 2010 UT 23, ¶ 38, 232 P.3d 486.

[26] *Prince*, 56 P.3d at 536.

> quarterly development discussion and hitting Zemaitiene on the head with a piece of clothing [–] as heartless, flagrant and outrageous.[27]

Zemaitiene also alleges Perry transferred her to a more physically demanding job despite her disability.[28]

Even assuming the truth of these allegations, Perry's alleged conduct is not outrageous as a matter of law. Utah courts have rejected claims of intentional infliction of emotional distress in employment settings where an employer made false and derogatory statements about an employee before terminating her;[29] where an employee was demoted, terminated, and required to confess his drug addiction to his subordinates;[30] and where an employer made false statements about an employee to the police and then wrongfully terminated him.[31] In each case, Utah courts found the employer's conduct did not rise to the level of outrageousness necessary to support an intentional infliction of emotional distress claim.

By way of comparison, Zemaitiene's allegations fall far short of alleging a plausible intentional infliction of emotional distress claim. Some of Perry's alleged conduct can only be characterized as innocuous or at most annoying. Other allegations are not innocuous, but are nevertheless insufficient. For example, Zemaitiene's allegation that Perry hit her with a piece of clothing is concerning, but the Complaint lacks any additional facts about this incident from which the court could conclude that the event was outrageous. Similarly, the allegation that

---

[27] Dkt. 27 at 5 (citations omitted).

[28] Dkt. 3 at ¶ 36.

[29] *Zoumadakis v. Uintah Basin Med. Ctr.*, 2005 UT App 325, ¶ 8, 122 P.3d 891.

[30] *Robertson v. Utah Fuel Co.*, 889 P.2d 1382, 1388-89 (Utah Ct. App. 1995).

[31] *Tomlinson v. NCR Corp.,* 2013 UT App 26, ¶¶ 19-20, 296 P.3d 760, *rev'd on other grounds by* 2014 WL 6653968 (Utah 2013).

Perry told Zemaitiene her country was "full of terrorists" and that she was "one of them"[32] is disconcerting. Such comments, especially when made by one in a supervisory position, are unacceptable and reprehensible. However, absent indications of an "ongoing pattern of intimidation and harassment," the comments alone do not evoke the kind of outrage or revulsion legally required to support Zemaitiene's claim.[33] Taken as a whole, the Complaint fails to allege Perry's conduct was so outrageous that it "exceed[ed] all bounds of that usually tolerated in a civilized society."[34]

Zemaitiene fails to state a plausible claim for intentional infliction of emotional distress. The court overrules Judge Furse's recommendation concerning this claim.[35]

## CONCLUSION

For the reasons stated, the court ADOPTS IN PART and OVERRULES IN PART Judge Furse's Report and Recommendation.[36] The court DISMISSES Zemaitiene's failure to accommodate disability claim. Within fourteen days of this Order, Zemaitiene may file an amended complaint pleading additional facts to show exhaustion of administrative remedies for her failure to accommodate claim. The court also DISMISSES Zemaitiene's harassment and

---

[32] Dkt. 3 at ¶ 44.

[33] *Cf. Cabaness*, 2010 UT 23, ¶¶ 39-45 (finding a material issue of fact regarding whether a supervisor's conduct was outrageous, where the supervisor insulted, demeaned, intimidated, and harassed an employee over a period of many years).

[34] *Johnston*, 217 F. Supp. 2d at 1232.

[35] Judge Furse concluded that Zemaitiene pled a plausible intentional infliction of emotional distress claim because she alleged gender discrimination and retaliation, and Defendants did not challenge these claims in their Motion to Dismiss. The court declines to adopt this reasoning. Even if the plausibility of Zemaitiene's gender discrimination and retaliation claims were somehow established by virtue of Defendants' failure to challenge them in their Motion to Dismiss, the conduct underlying those claims does not support Zemaitiene's intentional infliction of emotional distress claim.

[36] Dkt. 24.

8

intentional infliction of emotional distress claims. Defendants' Motion to Dismiss is GRANTED.[37]

       SO ORDERED this 27th day of March, 2018.

                      BY THE COURT:

                      _____
                      ROBERT J. SHELBY
                      United States District Judge

---

[37] Dkt. 15.