IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KRISTINA ZEMAITIENE,<br><br>          Plaintiff,<br><br>v.<br><br>CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, doing business as DESERET INDUSTRIES, and MELANIE PERRY, an individual,<br><br>          Defendants. | **REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Case No. 2:16-cv-01271-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

On September 24, 2018, pro se Plaintiff Kristina Zemaitiene filed a Motion for Leave to File Second Amended Complaint.  (Mot. for Leave to File 2d Am. Compl. ("Mot."), ECF No. 40.)  Ms. Zemaitiene seeks leave to amend her Complaint to add a claim for constructive discharge and to include additional facts to support her gender discrimination claim.  (Id. at 2.)  Defendant the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, doing business as Deseret Industries ("Deseret Industries"), opposes Ms. Zemaitiene's Motion on the grounds that her request to amend is futile and untimely.  (Def.'s Opp'n to Pl.'s Mot. for Leave to File 2d Am. Compl. ("Opp'n") 1–8, ECF No. 41.)  On October 9, 2018, Ms. Zemaitiene filed her Reply.  (Reply to Def.'s Opp'n to Pl.'s Mot. for Leave to File 2d Am. Compl. ("Reply"),

ECF No. 44.)  On October 25, 2018, the undersigned[1] held argument on Ms.

Zemaitiene's Motion and took the motion under advisement.  (See Minute Entry, ECF

No. 45.)

After considering the parties' briefing, oral argument, and the applicable law, the

undersigned finds Ms. Zemaitiene's proposed constructive discharge claim futile

because she failed to exhaust her administrative remedies with respect to that claim.

The undersigned further finds Ms. Zemaitiene's request to amend to include

supplemental facts underlying her gender discrimination claim untimely because she

seeks to add facts known to her at the time she commenced this action approximately

three years ago, and the First Amended Complaint already fairly includes those facts in

the pleading of the case.  Accordingly, the undersigned RECOMMENDS the District

Judge DENY Ms. Zemaitiene's Motion.

## FACTUAL BACKGROUND

On December 20, 2016, Ms. Zemaitiene initiated this action, (Compl., ECF No.

3), and on April 10, 2018, she filed her First Amended Complaint (1st Am. Compl., ECF

No. 31).  In the First Amended Complaint Ms. Zemaitiene asserts her former employer

Deseret Industries violated her rights under Title VII of the Civil Rights Act of 1964

("Title VII") and the Americans with Disabilities Act of 1990 ("the ADA").  (See 1st Am.

Compl., ECF No. 31.)

These allegations arise out of Ms. Zemaitiene's former employment at Deseret

Industries, a nonprofit thrift store.  (See generally 1st Am. Compl., ECF No. 31.)  In

---

[1] On January 6.  2017, the District Judge referred this case to the undersigned
Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B).  (ECF No. 4.)

November 2013, Ms. Zemaitiene began working for Deseret Industries.  (Id. at ¶ 16.)
Ms. Zemaitiene suffers from a disability that limits her ability to perform strenuous work.
(Id. at ¶ 17.)  As a result, and upon Ms. Zemaitiene's request for an accommodation,
Deseret Industries assigned her to work in its clothing processing department where
she worked twenty-eight hours a week.  (Id. at ¶¶ 18, 21.)  Ms. Perry supervised Ms.
Zemaitiene and served as her job coach.  (Id. at ¶ 19.)

Ms. Zemaitiene "shares non-religious views."  (Id. at ¶ 32.)  On or around March
6, 2014, she complained to Ms. Perry that some of her co-workers tried to proselytize to
her.  (Id. at ¶¶ 35-36.)  A few weeks later, Ms. Perry transferred Ms. Zemaitiene to the
"domestics section" within the clothing processing department where Ms. Zemaitiene
had to handle "heavy merchandise" even though Ms. Perry "knew about her duty to
accommodate Ms. Zemaitiene's disability and physical limitations."  (Id. at ¶¶ 37–40.)

In April 2014, Deseret Industries loaned Ms. Zemaitiene to its business partner,
Globus Relief.  (Id. at ¶ 42.)  When Ms. Zemaitiene returned to Deseret Industries in
May 2014, she informed Ms. Perry that a co-worker from Globus Relief sexually
harassed her, and she contemplated filing an EEOC charge.  (Id. at ¶ 43.)  Following
her complaint, Deseret Industries did not pay Ms. Zemaitiene for the work she
performed at Globus Relief.  (Id. at ¶ 44.)

In July 2014, Ms. Zemaitiene filed a Charge of Discrimination and Retaliation
against Deseret Industries.  (Charge of Discrimination, July 28, 2014, Ex. B, ECF No. 41
at 29.)[2]  On or around August 2014, Deseret Industries received Ms. Zemaitiene's first

_____

[2] The undersigned considers Ms. Zemaitiene's EEOC charges of discrimination
attached to Deseret Industries Memorandum in Opposition to her Motion.  " '[T]he
district court may consider documents referred to in the complaint if the documents are

Charge of Discrimination and subsequently reduced her working hours and excluded

her from certain training and development opportunities.  (1st Am. Compl. ¶¶ 52–64,

ECF No. 31.)  In December 2014, Deseret Industries accused Ms. Zemaitiene of

interfering with a shoplifter's arrest, filed criminal charges against her, suspended her

from work, and banned her from entering all Deseret Industries stores.  (Id. at ¶¶ 65–

74.)  On January 2, 2015, Ms. Zemaitiene ended her employment with Deseret

Industries.  (Id. at ¶ 75.)

Ms. Zemaitiene's First Amended Complaint alleges Deseret Industries engaged

in gender discrimination, disability discrimination, and retaliation for protected activities.

(Id. at ¶¶ 76–101.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that once the deadline for

amending a pleading as a matter of course has passed, "a party may amend its

pleading only with the opposing party's written consent or the court's leave."  Fed. R.

Civ. P. 15(a)(2).  District courts "should freely give leave when justice so requires."  Fed.

R. Civ. P. 15(a)(2).  A district court may deny "leave to amend only for reasons such as

'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, [or] futility of [the] amendment.' "  United

---

central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'
"  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting Jacobsen
v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002)).  Ms. Zemaitiene references
the charges in her First Amended Complaint (1st Am. Compl. ¶¶ 9, 52, 94, ECF No. 31),
the charges are central to the claim, and neither side disputes the documents'
authenticity.

4

States ex rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  A district court's decision to deny leave to amend under Rule 15 falls within its discretion, and the court of appeals reviews the decision only for abuse of discretion.  Id.

" 'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.' "  Lind v. Aetna Health, Inc., 466 F.3d 1195, 1199 (10th Cir. 2006) (quoting Bradley v. J.E. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004)); see also Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239–40 (10th Cir. 2001) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment.").

**DISCUSSION**

Ms. Zemaitiene brings her Motion to add a claim of constructive discharge and to add facts to "supplement her factual allegations and her first cause of action for gender discrimination with statements alleging gender stereotyping by [] Deseret Industries in its decisions to assign jobs based on gender stereotypes rather than actual capabilities." (Mot. 2, ECF No. 40.)  Deseret Industries opposes Ms. Zemaitiene's Motion on the grounds of futility and undue delay.  (Def.'s Opp'n to Pl.'s Mot. for Leave to File 2d Am. Compl. ("Opp'n") 2, ECF No. 41.)  Deseret Industries specifically argues the proposed Second Amended Complaint's constructive discharge claim proves futile because Ms. Zemaitiene "failed to exhaust her administrative remedies relative to this claim, and the time to do so has long since expired."  (Id.)  Additionally, Ms. Zemaitiene's attempt to include additional facts that she has known for approximately four years constitutes undue delay and will unduly prejudice Deseret Industries if the Court grants her Motion.

5

(Id. at 2, 6–8.)  The undersigned concludes Ms. Zemaitiene's proposed constructive

discharge claim proves futile because she failed to timely exhaust her administrative

remedies relative to the claim.  The undersigned further concludes Ms. Zemaitiene did

not timely file her Motion as to her request to include supplemental facts underlying her

gender discrimination claim.

I.      **Pro Se Plaintiff Entitled to Leniency**

The undersigned first notes Deseret Industries asks the Court to no longer

extend Ms. Zemaitiene leniency as a pro se plaintiff because "she has had no difficulty

engaging in litigation, both substantively and procedurally, and is in no need of the

special treatment she seeks."  (Opp'n 2–3, ECF No. 41.)  Deseret Industries further

asks the Court to "consider the strong likelihood" Ms. Zemaitiene has legal

representation who "has been or is ghostwriting her filings for her."  (Id. at 3.)   Ms.

Zemaitiene contends she has sought advice from attorneys while attending legal clinics.

(Reply 3, ECF No. 44.)  The undersigned takes very strongly accusations that a party

has violated Rule 11 of the Federal Rules of Civil Procedure and the Rules of

Professional Conduct.  Here, however, the undersigned declines to find Ms. Zemaitiene

misrepresents her status as "a substantially pro se litigant."  Duran v. Carris, 238 F.3d

1268, 1273 (10th Cir. 2001).  She admits to attending legal workshops where she

receives legal assistance, and to the extent she has received assistance in drafting her

pleadings, "the mere assistance of drafting, especially before a trial court, will not totally

obviate some kind of lenient treatment due a substantially pro se litigant."  Id. at 1273.

Accordingly, the undersigned DENIES Deseret Industries' request to rescind Ms.

Zemaitiene's pro se leniency.

## II.    Futility of Amendment

Ms. Zemaitiene argues her "original allegations of Deseret Industries' retaliatory actions against [her] over an extended period of time and her eventual trespass from her workplace supply enough material facts to justify" her constructive discharge claim. (Mot. 3, ECF No. 40.)  Deseret Industries counters Ms. Zemaitiene's constructive discharge claim is futile because she "failed to exhaust her administrative remedies relative to the claim, and the time to do so has long since expired."  (Opp'n 2, ECF No. 41.)  Deseret Industries further contends Ms. Zemaitiene filed four separate charges of discrimination and did "not once discuss[] or note[] any facts relative to her proposed constructive discharge claim."  (Id. at 5.)  Additionally, Ms. Zemaitiene filed a charge of discrimination after she resigned from her position, but the charge only alleged sexual harassment against a different company, and she did not mention that she "no longer work[ed] for Deseret Industries, [or] note a single fact involving her encounter with off-duty police officers in Defendant's parking lot, [or] … reference any fact or allegation regarding the final days of her employment with Defendant."  (Id.)  Deseret Industries further asserts, even if Ms. Zemaitiene did allege a constructive discharge claim, "she missed her deadline to file the [claim] in court nearly two years ago."  (Id. at 6.)  The undersigned finds Ms. Zemaitiene's proposed constructive discharge claim futile because she failed to exhaust her administrative remedies with respect to the claim.

" 'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.' "  Lind, 466 F.3d at 1199 (quoting Bradley, 379 F.3d at 901).  Ms. Zemaitiene seeks to add a constructive discharge claim.  She alleges Deseret

Industries "falsely accused" her "of interfering with a shoplifter's arrest."  (Proposed 2d Am. Compl. ¶ 71, ECF No. 40-1.)  Deseret Industries allegedly used the false accusation to suspend her from work and ban her from entering any Deseret Industries stores.  (Id.)  Ms. Zemaitiene made these same allegations in her First Amended Complaint, which Deseret Industries answered.  (1st Am. Compl. ¶ 73, ECF No. 31.)  At the hearing, Ms. Zemaitiene stated Deseret Industries' ban constructively discharged her from her employment because she could no longer go to the store to do her work.  Moreover, she would not have resigned from her position but for Deseret Industries' bringing a criminal case against her for allegedly interfering with a shoplifter's arrest.  The proposed Second Amended Complaint, however, fails to state that Ms. Zemaitiene exhausted her administrative remedies with respect to her constructive discharge claim.

The undersigned first notes Deseret Industries contends a plaintiff's "failure to exhaust a claim through [the EEOC's] process or to meet the deadlines under Title VII forecloses a court's jurisdiction over that claim."  (Opp'n 5, ECF No. 41).  Deseret Industries, however, relies on old case law, as detailed in the undersigned's previous Report and Recommendation.  (ECF No. 24 at 5-7.)  Under current Tenth Circuit law, "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim."  Lincoln v. BNSF Ry. Co., 900 F.3d 1166, 1185 (10th Cir. 2018).  However, "this distinction between a jurisdictional requirement and an affirmative defense is immaterial" unless the claim has been waived or forfeited.  Smith v. Cheyenne Ret. Inv'rs L.P., 904 F.3d 1159, 1164 (10th Cir. 2018).  Here, the "distinction between a jurisdictional requirement and an

affirmative defense is immaterial", id., because Deseret Industries did not waive or forfeit its failure to exhaust defense.  Deseret Industries asserted this defense in its Answer to Ms. Zemaitiene's operative First Amended Complaint, which references constructive discharge and alleges the facts that support her claim.  (See Answer to 1st Am. Compl., 9, ECF No. 32 ("Plaintiffs claims are barred, in whole or in part, because she failed to exhaust her administrative remedies."); see also 1st Am. Compl. ¶¶ 65–75, 95, ECF No. 31.)

Thus because Deseret Industries did not waive its failure to exhaust defense, the undersigned turns to Ms. Zemaitiene's Motion.  The undersigned finds Ms. Zemaitiene's constructive discharge claim would prove futile and subject to dismissal because she failed to exhaust her administrative remedies with respect to the claim.

" 'A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter.' "  Lincoln, 900 F.3d at 1181 (quoting Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1194 (10th Cir. 2004)).  " 'This individual filing requirement is intended to protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims.' "  Lincoln, 900 F.3d at 1181 (quoting Foster, 365 F.3d at 1195).  " '[E]ach discrete incident of [discriminatory or retaliatory] treatment constitutes its own "unlawful employment practice" for which administrative remedies must be exhausted.' "  Lincoln, 900 F.3d at 1181 (quoting Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003)).  Accordingly, "where discrete incidents of discrimination occur after an employee files an initial EEOC charge, the employee must file an additional or amended charge with the EEOC to

9

satisfy the exhaustion requirement as to discrete incidents occurring after the initial charge." Lincoln, 900 F.3d at 1181.  A claim of constructive discharge constitutes a discrete discriminatory act requiring a claimant to file an administrative charge. Chapman v. Carmike Cinemas, 307 F. App'x. 164, 174 (10th Cir. Jan. 12, 2009) (unpublished) ("[W]hen the constructive discharge is complete—i.e., when the employee resigns—the discharge is most akin to a wrongful discharge by the employer, which is a discrete and identifiable act.").  Therefore, to satisfy the exhaustion requirement and to preserve her constructive discharge claim, Ms. Zemaitiene must have filed an additional or amended charge with the EEOC by July 1, 2015—180 days after she resigned from Deseret Industries (1st Am. Compl. ¶ 75, ECF No. 31 (alleging her date of resignation as January 2, 2015)).  Ms. Zemaitiene fails to show that she either amended or filed an additional charge with the EEOC by July 1, 2015.

Ms. Zemaitiene contends she "contacted" the EEOC investigator on May 20, 2016 to ask him to "add allegations of her arrest, suspension and trespass to her pending Charge of Discrimination."  (Reply 1–2, ECF No. 44.)  Even if Ms. Zemaitiene asked the EEOC investigator to add the allegations, Ms. Zemaitiene did not do so, and thus did not amend her charge, within 180 days following her resignation.  Therefore, Ms. Zemaitiene did not timely file her charge to exhaust her administrative remedies as to her constructive discharge claim.  Moreover, to the extent Ms. Zemaitiene argues Deseret Industries received notice that she alleged a constructive discharge claim because she included the claim in her Complaint and First Amended Complaint (id. at 2), her argument fails because she fails to show the EEOC granted her the right to sue pursuant to her constructive discharge claim.  Including the claim in one's complaint

does not satisfy the statutory requirement to exhaust administrative remedies.  Lincoln, 900 F.3d at 1181 (quoting Foster, 365 F.3d at 1194) (" 'A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter.' ").  Moreover, Ms. Zemaitiene's previously filed charges do not preserve her constructive discharge claim because the claim does not fall within the scope of her previously filed charges.  (See Charges of Discrimination, Ex. B, ECF No. 41 at 29–32; Jones v. U.P.S., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007) ("The next step in determining whether a plaintiff has exhausted her administrative remedies is to determine the scope of the allegations raised in the EEOC charge")).

 " '[A] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC.' "  Id.  Courts "liberally construe" a plaintiff's charge.  Jones, 502 F.3d at 1186 (citing MacKenzie v. City & Cty. of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005), abrogated by Lincoln v. BNSF Ry. Co., 900 F.3d 1166 (10th Cir. 2018)).  Ms. Zemaitiene's "charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim; this follows from the rule that 'each discrete incident' of alleged discrimination or retaliation 'constitutes its own "unlawful employment practice" for which administrative remedies must be exhausted.' " Jones, 502 F.3d at 1186 (quoting Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003)).  The undersigned finds Ms. Zemaitiene's charges do not contain any facts relating to her "arrest, suspension and trespass" (Reply 2, ECF No. 44), and therefore they did not prompt the EEOC to conduct an investigation into her constructive

discharge claim.  (See Charges of Discrimination, Ex. B, ECF No. 41 at 29–32.)  As a result, Ms. Zemaitiene failed to exhaust her administrative remedies with respect to her constructive discharge claim, and amending her Complaint to include the claim would prove futile.  Accordingly, the undersigned RECOMMENDS the District Judge DENY Ms. Zemaitiene's Motion as to her constructive discharge claim.

### III.    Undue Delay in Seeking Leave to Amend to Include Known Factual Allegations

Deseret Industries argues Ms. Zemaitiene filed her Motion in an untimely manner because she waited "nearly four years" to assert factual allegations known to her at the time she commenced this action, and she did not once "seek leave to amend her Complaint to add the new allegations … even when the Court granted her leave to amend her Complaint to correct deficiencies."  (Opp'n 7, ECF No. 41.)  When considering a motion to amend and the possibility of undue delay, the Tenth Circuit "focuses primarily on the reasons for the delay" and has held that "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.' "  Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting Frank v. U. S. West, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).  " 'Lateness does not itself justify the denial of the amendment.' "  Minter, 451 F.3d at 1205 (quoting R.E.B., Inc. v. Ralston Purina Co., 525 F.2d 749, 751 (10th Cir. 1975)).  However, "[t]he longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.' "  Minter, 451 F.3d at 1205 (quoting Steir v. Girl Scouts, 383 F.3d 7, 12 (1st Cir. 2004)).

Ms. Zemaitiene does not dispute that she failed to file her Motion in a timely manner but instead asks the Court to consider the fact she recently received legal advice from a clinic that "encouraged" her to file her constructive discharge claim "and to supplement her factual gender discrimination allegations with the assertions of gender stereotyping." (Reply 3, ECF No. 44.)  Ms. Zemaitiene asserts granting her Motion will not result in any undue prejudice to Deseret Industries because her November 2014 EEOC Charge of Discrimination alleged facts of gender stereotyping putting Deseret Industries on notice of the extent of her gender discrimination claim. (Reply 3, ECF No. 44; see also Charge of Discrimination, Nov. 3, 2014, Ex. B, ECF No. 41 at 31.)  Ms. Zemaitiene further asserts Deseret Industries had notice of the facts underlying her constructive discharge claim because Deseret Industries "had deposed [her] relative to the arrest incident shortly after [her] resignation which serve[d] as an indication that Defendant had anticipated some action from [her] with regards to [her] arrest and conducted an investigation to secure necessary evidence." (Reply 4, ECF No. 44.)  While the undersigned agrees with Ms. Zemaitiene that the November 2014 EEOC charge put Deseret Industries on notice regarding the breadth of her gender discrimination claim, "[u]ntimeliness alone may be a sufficient basis for denial of leave to amend. … [P]rejudice to the opposing party need not also be shown." Las Vegas Ice & Cold Storage Co. v. Far W. Bank, 893 F.2d 1182, 1185 (10th Cir. 1990).  The undersigned concludes Ms. Zemaitiene presents an untimely motion.

Although Ms. Zemaitiene proceeds pro se she admits she knew of the facts concerning gender stereotyping from the time she commenced the action but did not include the facts in her initial Complaint because an attorney at a free clinic she

attended opined that she could develop her assertions of gender stereotyping "during the course of discovery and at trial." (Reply at 3, ECF No. 44.) " 'Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.' " Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991) (quoting Las Vegas Ice, 893 F.2d at 1185)).  Ms. Zemaitiene knew or reasonably should have known of the supplemental facts underlying her gender discrimination claim at the commencement of this action nearly three years ago and did not seek to include the supplemental facts when the Court granted her leave to amend. Moreover, justice does not require amendment in this case because the operative complaint, the First Amended Complaint, contains sufficient allegations to allow for inclusion of the additional facts in discovery, motion practice, and trial.  Accordingly, the undersigned RECOMMENDS the District Judge DENY Ms. Zemaitiene's Motion regarding her supplemental facts as untimely.

## RECOMMENDATION

As addressed above, the undersigned RECOMMENDS the District Judge find Ms. Zemaitiene's proposed constructive discharge claim futile because she failed to timely exhaust her administrative remedies with respect to the claim.  Further, the undersigned RECOMMENDS the District Judge find Ms. Zemaitiene's request to include additional supplemental facts underlying her gender discrimination claim as untimely because she knew or reasonably should have known of the facts at the commencement of this action nearly three years ago and did not seek to include the facts when granted leave to amend her Complaint.  Accordingly, the undersigned

RECOMMENDS the District Judge DENY Ms. Zemaitiene's Motion for Leave to File Second Amended Complaint.

The Court will send copies of this Report and Recommendation to the parties and notifies them of their right to object to the same.  The Court further notifies the parties that they must file an objection to this Report and Recommendation with the Clerk of Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 13th day of June, 2019.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge

15